UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEILA TORRUELLA,

    Plaintiff,

v.                                           Case No:  2:16-cv-320-FtM-99MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on Plaintiff Sheila Torruella's Uncontested Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. #23), filed on October 25, 2016.  Because Defendant, Commissioner of Social Security does not oppose Plaintiff's Motion, this matter is ripe for review.

Plaintiff commenced this action on April 29, 2016, seeking judicial relief of Defendant's final decision denying him Social Security Supplemental Income benefits. (Doc. #1).  On September 23, 2016 Defendant filed an Unopposed Motion to remand the cause to a Social Security Administrative Law Judge under sentence four of 42 U.S.C. § 405(g). (Doc. #19).  On September 27, 2016, this court entered an Order granting Defendant's Unopposed Motion. (Doc. #21).  Judgment was entered on September 27, 2016 (Doc. #21), remanding the case under sentence four of 42 U.S.C. § 405(g) to a

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Social Security Administrative Law Judge.  Then, on October 25, 2016, Plaintiff filed an Uncontested Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking an award of $2,578.31.  (Doc. #23).

Pursuant to the EAJA, a party can recover an award of attorney's fees against the government provided (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the government's position is not substantially justified; (4) no special circumstances are present that would make an award unjust; and (5) the plaintiff had a net worth of less than $2,000,000.00 at the time the complaint was filed.  See 28 U.S.C. § 2412(d)(1)(A); see also Jipson v. Commissioner of Social Security, No. 2:13-cv-450, 2014 WL 2951824, at *2 (M.D. Fla. July 1, 2014) (citations omitted).  The Parties do not dispute that Plaintiff meets the above requirements and thus is eligible for an award of attorney's fees.

Therefore, the Court must decide if the amount of fees Plaintiff requests is reasonable.  See 28 U.S.C. § 2412(d)(2)(A).  EAJA fees are determined by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate.  See Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988).  The resulting fee carries a strong presumption that it is the reasonable fee.  See City of Burlington v. Daque, 505 U.S. 557, 562 (1992).  The amount of EAJA fees depends on the facts of the case, and "excessive, redundant or otherwise unnecessary" hours must be deducted from an award of fees. Hensley v. Eckerhart, 461 U.S. 424, 429, 434 (1983); see also Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Determining the appropriate hourly rate is a two-step process.  The court first determines the prevailing market rate.  If the prevailing rate exceeds $125.00, the court then determines whether to adjust the hourly rate.  See *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases.  See *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here, Plaintiff's counsel represents that they expended 11.10 hours to litigate this case.  (Doc. #23).  For those hours, Plaintiff requests an hourly rate adjusted in accordance with the EAJA cap based increases in the Consumer Price Index in the amounts of $191.18 for March 2016, $192.08 for April 2016, $192.87 for May 2016, $193.20 for July 2016, $193.36 for August 2016 and $193.75 for September 2016.  (Doc. #23 at ¶ 9).  The Commissioner does not object to the amount of hours expended or the hourly rates.  As such, the Court finds the 11.10 hours expended by Plaintiff's counsel to be reasonable and the hourly rate to be appropriate.  The Court, therefore, will award Plaintiff $2,578.31 in attorney's fees.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Sheila Torruella's Unopposed Motion for Attorney Fees under the Equal Access to Justice Act (Doc. #23) is **GRANTED**.  Plaintiff is awarded **$2,578.31** in

attorney's fees, and this amount may be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

(2) The Clerk is **DIRECTED** to enter an Amended Judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of November, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record